**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SEAN T. MANION,
        Appellant,

     v.

DEPARTMENT OF DEFENSE,
        Agency.

DOCKET NUMBER
DC-1221-18-0668-W-1

DATE: July 3, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Sean T. Manion, Bronx, New York, pro se.

Lauren Ruby, Esquire, and Paul N. Bley, Esquire, Falls Church, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his request for corrective action in an individual right of action (IRA) appeal. For the reasons discussed below, we GRANT the appellant's petition for review. We VACATE the initial decision to the extent

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

that it found that the appellant did not exhaust his administrative remedies regarding his January 6, 2016 disclosure and that the appellant did not make nonfrivolous allegations that his January 6, 2016 and January 26, 2017 disclosures were protected. We find that the appellant exhausted his administrative remedies regarding the January 6, 2016 disclosure and made nonfrivolous allegations that both of his disclosures were protected under 5 U.S.C. § 2302(b)(8) and were a contributing factor in the agency's decision to remove him. Therefore, we REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

In June 2017, the agency removed the appellant from his position as a Research Activities Analyst, GS-0601-14, with the Defense and Veterans Brain Injury Center (DVBIC) in the Defense Health Agency (DHA). Initial Appeal File (IAF), Tab 1 at 7-12. Also in June 2017, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging that the agency removed him in retaliation for making protected disclosures and engaging in protected activity. *Id*. at 4, 17. On May 18, 2018, OSC informed the appellant that it was closing its file regarding his allegations and notified him of his right to seek corrective action from the Board. *Id*. at 16-17.

On July 16, 2018, the appellant timely filed a Board appeal and requested a hearing. *Id*. at 1-2. The administrative judge notified the appellant of his burden of proof and the elements to establish the Board's jurisdiction over an IRA appeal, and ordered him to file a statement establishing jurisdiction. IAF, Tab 4. The appellant filed a response in which he alleged that, on January 26, 2017, he disclosed violations of the Health Insurance Portability and Accountability Act (HIPAA) regulations and agency research standards by forwarding an audit report to agency officials, which led to an administrative investigation and his removal for allegedly impeding the investigation. IAF, Tab 8 at 7. He also alleged that,

between January and December 2016, he made disclosures relating to mismanagement of the DVBIC research program, agency research and scientific integrity rules compliance, Federal Acquisition Regulation (FAR) non-compliance, whistleblower retaliation, and "personal reprisals" that were contributing factors in his removal, and that he filed a grievance. *Id.* at 8-10. Additionally, he alleged that, in April and May 2017, he made disclosures concerning non-compliance with agency acquisition guidelines, the removal of a Human Research Protections specialist, reform in agency research programs, his performance rating period, and violations of agency and Office of Management and Budget policy and the FAR regarding contactors; and that each disclosure was a contributing factor in his removal. *Id.* at 10-11. He also contended that the agency engaged in other acts of reprisal, including the degradation of his duties, three details to non-classified duties, removal from one detail, unsubstantiated or inappropriate counseling, unfounded accusations of being absent without leave and a threat in the workplace, ignoring grievances, retaliation for filing grievances, failing to provide relief for a grievance, and failing to provide him with a 90-day performance rating period. *Id.* at 11. The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 9.

The administrative judge directed the appellant to file a response regarding jurisdiction that provided a more complete and detailed explanation of his claims. IAF, Tab 14. The appellant filed a response that narrowed his alleged disclosures down to two: (1) on January 6, 2016, he informed agency leadership that moving the DVBIC under the DHA could violate the National Defense Authorization Act (NDAA) of 2006; and (2) on January 26, 2017, he disclosed violations of HIPAA and Standards for Privacy of Individually Identifiable Health Information regulations by forwarding an audit report to his leadership and other individuals he deemed relevant. IAF, Tab 16 at 4-9, Tab 20 at 4-9. The appellant alleged that these disclosures were a contributing factor in his removal. IAF, Tab 20 at 6, 8. He further declared, under the penalty of perjury, that he did not have a copy

of the information he entered into OSC's online system and that his complaint contained the disclosures he described. *Id.* at 10.

The administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 22, Initial Decision (ID). He found that, with respect to the first disclosure, the appellant failed to exhaust his administrative remedies before OSC because his sworn statement was insufficient to establish that he raised the disclosure before OSC. ID at 8. He further found that, even if the appellant had satisfied his burden to show exhaustion, the appellant had not made a nonfrivolous allegation that the disclosure was protected because he did not contend in his disclosure to agency officials that the DVBIC's move to DHA violated a law, rule, or regulation. ID at 8-9. With respect to the second disclosure, the administrative judge found that the appellant had exhausted his administrative remedies before OSC, but that he had not made a nonfrivolous allegation that his disclosure was protected because the audit at issue did not reflect that HIPAA or other regulatory violations occurred, nor did the appellant's email communications forwarding the audit reflect that he was disclosing HIPAA or regulatory violations. ID at 14-18. Accordingly, the administrative judge dismissed the appeal. ID at 18.

The appellant timely filed a petition for review challenging each of the initial decision's grounds for dismissal of his appeal. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the petition, to which the appellant has filed a reply. PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

To establish Board jurisdiction over an IRA appeal brought pursuant to the Whistleblower Protection Enhancement Act of 2012 (WPEA), the appellant must exhaust his administrative remedies before OSC and make nonfrivolous allegations that: (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity as specified in

5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the protected disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).[2]  5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). Jurisdiction in an IRA appeal is determined based on the written record.  *See Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 22 (2016) (holding that an employee is not entitled to a jurisdictional hearing in an IRA appeal).  As set forth below, we find that the appellant  exhausted his administrative remedies regarding his January 6, 2016 correspondence with agency officials, and made a nonfrivolous allegation that his January 6, 2016 and January 26, 2017 correspondence with agency officials constituted protected disclosures.

The appellant exhausted administrative remedies before OSC regarding his January 6, 2016 statements to agency officials.

On review, the appellant argues that the administrative judge erred in finding that he did not exhaust administrative remedies regarding his January 6, 2016 email correspondence with agency officials.  ID at 8; PFR File, Tab 1 at 4.  The overarching purpose of the requirement that an appellant exhaust administrative remedies before OSC prior to bringing an IRA appeal before the Board is to provide OSC with a sufficient basis to pursue an investigation that may lead to corrective action.  *Johns v. Department of Veterans Affairs*, 95 M.S.P.R. 106, ¶ 15 (2003).  Proof of exhaustion need not be in the form of the appellant's complaint to OSC.  *Id.*  Here, the appellant submitted a sworn statement attesting that he did not have a copy of the OSC complaint that he submitted online and that the complaint contained both of the disclosures he

---

[2] During the pendency of this appeal, the National Defense Authorization Act for Fiscal Year 2018 (2018 NDAA), Pub. L. No. 115-91, 131 Stat. 1283, was signed into law on December 12, 2017.  Section 1097 of the 2018 NDAA amended various provisions of title 5 of the U.S. Code.  Our decision to affirm this appeal would be the same under both pre- and post-2018 NDAA law.

raised before the Board.  IAF, Tab 20 at 6, 10.  The administrative judge found that the sworn statement alone was insufficient to show exhaustion regarding the appellant's January 6, 2016 statements.  ID at 8.  The appellant correctly observes that the order the administrative judge issued setting forth the appellant's burden of proof and the elements to establish jurisdiction indicated that, if the appellant did not submit a copy of his OSC complaint, his response must be in the form of an affidavit, sworn statement, or declaration under the penalty of perjury.  IAF, Tab 4 at 7-8; PFR File, Tab 1 at 4-5.

Additionally, on review, the appellant re-submits supplemental correspondence with OSC regarding his January 6, 2016 statements that he submitted below, but that the administrative judge did not consider in rendering his findings regarding exhaustion.[3]  IAF, Tab 8 at 33; PFR File, Tab 1 at 4-6.  This correspondence demonstrates that the appellant provided information about his statements to agency officials regarding violations of the 2006 NDAA in moving DVBIC to DHA.  IAF, Tab 8 at 33-59; PFR File, Tab 1 at 6.  The appellant's sworn statement, coupled with his supplemental correspondence with OSC, is sufficient to prove that he exhausted his administrative remedies regarding his January 6, 2016 statements to agency officials.  *See Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011) (providing that an appellant may demonstrate exhaustion through his initial OSC complaint, evidence that he amended the original complaint, including but not limited to OSC's preliminary determination letter and other letters from OSC referencing any amended allegations, and the appellant's written responses to OSC referencing the amended allegations).

[3] As discussed above, following the appellant's initial submissions regarding jurisdiction, the administrative judge directed the appellant to file a response regarding jurisdiction that provided a more complete and detailed explanation of his claims.  IAF, Tab 14.  The administrative judge also informed the appellant that he would not consider the appellant's initial submissions in determining jurisdiction.  *Id.* at 2.  The appellant submitted the relevant documents with his initial jurisdictional submissions but did not re-submit them with his second jurisdictional submission.  IAF, Tab 8 at 33-59, Tab 20.

<u>The appellant made a nonfrivolous allegation that his January 6, 2016 statements evidenced a violation of law.</u>

The appellant also challenges the administrative judge's finding that, even if the appellant had exhausted administrative remedies with respect to his January 6, 2016 statements, he did not make a nonfrivolous allegation that the statements constituted a protected disclosure. ID at 9-11; PFR File, Tab 1 at 4. The administrative judge found that the appellant's statements did not constitute a protected disclosure because they were vague and conclusory, and articulated a policy concern rather than a violation of law. ID at 9-11. Protected whistleblowing occurs when an appellant makes a disclosure that he reasonably believes evidences any violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety. 5 U.S.C. § 2302(b)(8); *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 5 & n.3 (2013). The proper test for determining whether an employee had a reasonable belief that his disclosures were protected is whether a disinterested observer with knowledge of the essential facts known to, and readily ascertainable by, the employee could reasonably conclude that the actions evidenced a violation of a law, rule, or regulation, or one of the other conditions set forth in 5 U.S.C. § 2302(b)(8). *Mudd*, 120 M.S.P.R. 365, ¶ 5. To establish that he held such a reasonable belief, an appellant need not prove that the condition disclosed actually established one or more of the listed categories of wrongdoing. *Huffman v. Office of Personnel Management*, 92 M.S.P.R. 429, ¶ 9 (2002). At the jurisdictional stage, the appellant need only nonfrivolously allege that he reasonably believed that his disclosure evidenced a violation of one of the circumstances described in 5 U.S.C. § 2302(b)(8). *Mason*, 116 M.S.P.R. 135, ¶ 17. Any doubt or ambiguity as to whether an appellant raised a nonfrivolous allegation of a reasonable belief should be resolved in favor of a finding that jurisdiction exists. *Mudd*, 120 M.S.P.R. 365, ¶ 8.

We find the appellant's allegations to be sufficiently specific to constitute a nonfrivolous allegation that he made a protected disclosure of a violation of law. The appellant's January 6, 2016 email included prior correspondence with other agency officials in which he articulated a concern that the DVBIC's transfer to DHA was not legal because it was not consistent with a Congressional mandate in the 2006 NDAA. IAF, Tab 20 at 13-21. In response to this correspondence, other agency officials responded that legal review of the transfer had been conducted; in response, the appellant maintained that this particular issue could have been missed because the review was based on research that did not take into account the 2006 NDAA. *Id.* at 14-16. An agency official suggested that the appellant reach out to one individual in particular to obtain her opinion of any express legislative prohibitions; the appellant's January 6, 2016 email was directed to this individual and attached a memorandum stating that the appellant was "concerned about the legality and/or appropriateness of DVBIC's move to DHA" and detailed the legislation at issue and its relevance to the DVBIC. *Id.* at 11-16. Our review of the appellant's correspondence with agency officials regarding the legality of the transfer over the course of 3 years, culminating in the January 6, 2016 email, reflects that the appellant articulated more than a mere policy concern to agency officials. Accordingly, we find that the appellant nonfrivolously alleged that he held a reasonable belief that the DVBIC transfer violated the 2006 NDAA; thus, he has made a nonfrivolous allegation that his statements to agency officials constituted a protected disclosure.

The administrative judge did not address whether the appellant made a nonfrivolous allegation that his January 6, 2016 statements were a contributing factor in the agency's decision to remove him. At the jurisdictional stage of an IRA appeal, the appellant need only raise a nonfrivolous allegation that his protected disclosure was one factor that tended to affect the personnel action in any way. *Salerno*, 123 M.S.P.R. 230, ¶ 13. One way to establish this criterion is the knowledge/timing test, under which an employee may nonfrivolously allege

that the disclosure was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id.*; *see* 5 U.S.C. § 1221(e)(1).

The Board has found that a personnel action taken within 1 to 2 years of a protected disclosure meets the knowledge/timing test. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 16 (2012). Here, the appellant sent his January 6, 2016 email to several agency officials, including the official who issued the May 4, 2017 proposal to remove him and the official who issued the June 12, 2017 decision to remove him from Federal service. IAF, Tab 1 at 8-12, Tab 2 at 2-4, Tab 20 at 5, 13. The appellant's removal took place within 2 years of his disclosure. Accordingly, the appellant has made a nonfrivolous allegation that his January 6, 2016 statements were a contributing factor in his removal.

<u>The appellant made a nonfrivolous allegation that his January 26, 2017 correspondence with agency officials constituted a protected disclosure.</u>

On review, the appellant renews his argument that, given the expertise of the individuals to whom he sent the audit report, they would have understood him to be disclosing HIPAA violations in his correspondence forwarding the report. PFR File, Tab 1 at 4. Below, the appellant alleged that, when he sent the January 24, 2017 audit report to agency officials, he was disclosing numerous violations of HIPAA and the Standards for Privacy of Individually Identifiable Health Information regulations as detailed in the report. IAF, Tab 20 at 7. The administrative judge found that the appellant had exhausted his administrative remedies before OSC regarding this disclosure but did not make a nonfrivolous allegation that the disclosure was protected because, based on the findings in the report, the appellant could not have had a reasonable belief that the audit contained such violations, or that his email correspondence with agency officials reflected such a belief. ID at 14-18. However, the administrative judge focused

only on the audit report's statement that the investigation did not find evidence to support the primary claim that certain clinical procedures were conducted for research without patient consent. In fact, the audit revealed other improprieties. IAF, Tab 20 at 33-40; ID at 16. The administrative judge also incorrectly concluded that the appellant's allegations were vague and conclusory. ID at 16-17. To the contrary, the audit report specifically describes the instance of regulatory noncompliance in relation to one particular database studying traumatic brain injury and details a Government contractor's unauthorized analysis of clinical data. IAF, Tab 20 at 33, 37-39. At a minimum, the appellant is alleging that each unauthorized use of patient data constitutes a separate violation of HIPAA and a personal health information data breach. *Id.* at 7-8; PFR File, Tab 1 at 4. We find that, in its entirety, the audit report raises numerous concerns regarding the management of patient data and that the appellant could have reasonably concluded that it documented HIPAA and related regulatory violations.

The administrative judge also found that, in disseminating the audit report to agency officials, the appellant's communications did not reflect that he considered the report to document HIPAA or regulatory violations. ID at 17-18. In doing so, he relied upon the agency's submissions of the appellant's communication of the report to agency officials. *Id.*; IAF, Tab 21. In determining whether the appellant has made a nonfrivolous allegation of jurisdiction, the administrative judge may consider the agency's documentary submissions; however, to the extent that the agency's evidence constitutes mere factual contradiction of the appellant's otherwise adequate prima facie showing of jurisdiction, the administrative judge may not weigh evidence and resolve conflicting assertions of the parties, and the agency's evidence may not be dispositive. *Weed v. Social Security Administration*, 113 M.S.P.R. 221, ¶ 19 (2010). Below, the appellant submitted two communications to an agency official, sent shortly after his disclosure of the audit report, in which he

referenced the violations in the audit report, corroborating his assertion that, in communicating the audit, he considered it to contain regulatory violations. IAF, Tab 8 at 26-32. To the extent that the administrative judge weighed the agency's evidentiary submissions against those of the appellant and found the agency's evidence dispositive, this was error. At the jurisdictional stage, we find that the appellant's factual allegations were sufficient to make a nonfrivolous allegation that he made a protected disclosure of HIPAA and regulatory violations.

Additionally, we find that the appellant nonfrivolously alleged that his January 26, 2017 disclosure of the audit report was a contributing factor in his removal. The proposing and deciding officials for the appellant's removal were aware that he had communicated the audit report to agency officials, as the May 4, 2017 proposal to remove the appellant charged him with impeding an investigation as to how he had obtained the audit. IAF, Tab 2 at 2-4. The appellant's June 12, 2017 removal occurred within 6 months of his disclosure of the audit report. IAF, Tab 1 at 7-12, Tab 20 at 7.

<u>This matter is remanded for a hearing on the merits of the appellant's IRA appeal.</u>

As set forth above, the appellant has proven that he exhausted his administrative remedies before OSC and made nonfrivolous allegations that two protected disclosures were a contributing factor in his removal. Accordingly, having established Board jurisdiction over his appeal, the appellant is entitled to a hearing on the merits of his claims. *See Graves*, 123 M.S.P.R. 434, ¶ 22. This matter is remanded for a hearing on the merits, in which the administrative judge shall afford the appellant the opportunity to prove by preponderant evidence that he made disclosures protected under 5 U.S.C. § 2302(b)(8) and that the protected disclosures were a contributing factor in the agency's decision to remove him. 5 U.S.C. § 1221(e)(1); *Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 6 (2015). If the appellant makes out a prima facie case of reprisal for whistleblowing, then the agency shall have the opportunity to prove, by clear and

convincing evidence, that it would have removed the appellant in the absence of the protected disclosures.  5 U.S.C. § 1221(e)(2); *Webb*, 122 M.S.P.R. 248, ¶ 6.

## ORDER

For the reasons discussed above, we REMAND this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.